RONALD Y. ROTHSTEIN (*pro hac vice* pending)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

JARED R. KESSLER (*pro hac vice* pending)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 910-0654
Facsimile: (305) 910-0505

SHAWN R. OBI (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
SPIN MASTER, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESHA GAMINO, an individual, | Case No. 5:23-cv-02242-DMG-SP |
| Plaintiff, | *Assigned to the Hon. Dolly M. Gee* |
| v. | **DEFENDANT SPIN MASTER, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS** |
| SPIN MASTER, INC. and THE MAYA GROUP, INC., | |
| Defendants. | *[Filed concurrently with Declaration of Shawn Obi and [Proposed] Order]* |
| | Hearing Date:  February 23, 2024 |
| | Time:  9:30 AM |
| | Courtroom:  8C |
| | Complaint Filed:  October 31, 2023 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, February 23, 2024 at 9:30 a.m., or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Dolly M. Gee (Courtroom 8C) of the above-entitled Court, located at 350 West First Street, 8th Floor, Los Angeles, CA 90012, Defendant Spin Master, Inc. ("Spin Master") will, and hereby does, move to dismiss Plaintiff's First Amended Class Action Complaint ("Am. Compl.") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike the class allegations pursuant to Federal Rule of Civil Procedure 12(f).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

Spin Master attempted in good faith to meet and confer with Plaintiff, pursuant to L.R. 7-3 and this Court's standing order. Spin Master sent two emails, called and left a voicemail but was unable to get ahold of Plaintiff's counsel prior to filing this Motion.

DATED: <u>January 22, 2024</u>          WINSTON & STRAWN LLP

By: <u>/s/ Shawn R. Obi</u>
RONALD Y. ROTHSTEIN (*pro hac vice* pending)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

JARED R. KESSLER (*pro hac vice* pending)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 910-0654
Facsimile: (305) 910-0505

SHAWN R. OBI (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
SPIN MASTER, INC.

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ....................................................................................................1

II.  BACKGROUND ....................................................................................................3

III.  LEGAL STANDARD .............................................................................................4

    a.  Rule 12(b)(6). ...............................................................................4

    b.  Motion to Strike. ..........................................................................4

IV.  ARGUMENT .........................................................................................................5

    a.  Plaintiff's claims are implausible ...............................................5

    b.  Spin Master has no duty to disclose the Alleged Omissions. ...............6

    c.  Plaintiff's equitable claims must be dismissed. .....................................7

    d.  Plaintiff's tort claims must be dismissed. .............................................9

       i.  Plaintiff's claim for fraudulent inducement fails because she cannot plausibly plead intent or reliance. ................................10

       ii.  Plaintiff's negligent misrepresentation claim cannot be based solely on purported omissions. ...................................11

    e.  Plaintiff's UCL claim (Count I) fails. ..................................................11

       i.  Plaintiff does not plausibly plead "unfair" conduct. ...............11

       ii.  Plaintiff fails to plausibly plead "fraudulent" conduct. ............13

       iii.  Because Plaintiff's other claims fail, so too does her claim under the UCL's "unlawful" prong. ..........................................13

    f.  Plaintiff's FAL claim (Count II) must be dismissed because it cannot be based solely upon the Alleged Omissions. ........................13

    g.  Plaintiff's breach-of-warranty claim (Count IV) fails. .......................14

    h.  Plaintiff pleads no basis for punitive damages. ..................................15

       i.  Plaintiff's nationwide class allegations should be stricken. ......17

    1.  Conflict of Laws. ....................................................................................18

    2.  The Interest of Foreign Jurisdictions. ...................................................19

    3.  Relative Impairment. ..............................................................................20

V.  CONCLUSION ....................................................................................................20

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Hyland's Inc.*,
   300 F.R.D. 643 (C.D. Cal. 2014) ...................................................................15

*Andren v. Alere, Inc.*,
   207 F. Supp. 3d 1133 (S.D. Cal. 2016) ............................................................6

*Appel v. Bos. Nat'l Title Agency, LLC*,
   No. 18-cv-873-BAS-MDD, 2019 WL 3858888 (S.D. Cal. Aug. 15, 2019).......17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................*passim*

*Barela v. FCA USA, LLC*,
   No. EDCV-01444 JGB, 2022 WL 19333334 (C.D. Cal. Oct. 11, 2022)............10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................*passim*

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007) ......................................................................13

*Castaneda v. Fila USA, Inc.*,
   No. 11-CV-1033-H (BGS), 2011 WL 7719013 (S.D. Cal. Aug. 10, 2011)........21

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   973 P.2d 527 (1999) .................................................................................12, 13

*Cho v. Hyundai Motor Co.*,
   636 F. Supp. 3d 1149 (C.D. Cal. 2022)...........................................................14

*Davison v. Kia Motors Am. Inc.*,
   No. SACV15-00239-CJC, 2015 WL 3970502 (C.D. Cal. June 29, 2015)..18, 19, 20, 21

*Dei Rossi v. Whirlpool Corp.*,
   No. 2:12-cv-00125-TLN-CKD, 2015 WL 1932484 (E.D. Cal. Apr. 28,
   2015) ...........................................................................................................19

*Diaz v. Bank of Am. Home Loan Servicing, L.P.*,
   No. CV099286PSGMANX, 2011 WL 13046844 (C.D. Cal. July 8, 2011).......17

ii

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016)...............................................................6

*Elson v. Black*,
    56 F.4th 1002 (5th Cir. 2023)..............................................................5

*Eur. Travel Agency Corp. v. Allstate Ins. Co.*,
    600 F. Supp. 3d 1099 (C.D. Cal. 2022) ............................................11

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*,
    483 F. Supp. 3d 838 (C.D. Cal. 2020) ..............................................10

*In re Ford Tailgate Litig.*,
    No. 11-CV-2953-RS, 2014 WL 1007066 (N.D. Cal. Mar. 12, 2014)...................8

*Garcia v. Gen. Motors LLC*,
    No. 1:18-cv-01313-LJO-BAM, 2019 WL 1209632 (E.D. Cal. Mar. 14,
    2019) ...................................................................................................11

*Goel v. Coal. Am. Holding Co.*,
    No. CV 11-2349 GAF, 2011 WL 13128300 (C.D. Cal. July 5, 2011) ..............16

*Gourgue v. United States*,
    No. 12-cv-1490-LAB, 2013 WL 1797099 (S.D. Cal. Apr. 29, 2013) ...............16

*Gustafson v. BAC Home Loans Servicing, LP*,
    294 F.R.D. 529 (C.D. Cal. 2013) .......................................................20

*Guzman v. Bridgepoint Educ., Inc.*,
    305 F.R.D. 594 (S.D. Cal. 2015).........................................................19

*Hodson v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018)..............................................7, 12, 13, 14

*Hsieh v. FCA US LLC*,
    440 F. Supp. 3d 1157 (S.D. Cal. 2020) ..........................................9, 10

*JDIS Grp., LLC v. 626 Holdings, LLC*,
    No. SA CV 20-994-DMG, 2021 WL 4813757 (C.D. Cal. June 7, 2021)............7

*Johnson v. Am. Standard, Inc.*,
    179 P.3d 905 (Cal. 2008) ...................................................................11

*Joseph v. Ralphs Grocery Co.*,
    No. 2:15–cv–9399–AB–E, 2016 WL 1056648 (C.D. Cal.)................13

iii

*Klammer v. Mondelez Int'l, Inc.*,
  No. 22-cv-02046-JSW, 2023 WL 105095 (N.D. Cal. Jan. 4, 2023)....................6

*Kulp v. Munchkin, Inc.*,
  No. 2:22-cv-09381-WLH-E, 2023 WL 4843340 (C.D. Cal. June 21, 2023)...........14

*Lockhart v. Wal-Mart Stores, Inc.*,
  No. 13-cv-1919-MMA (KSC), 2013 WL 12121260 (S.D. Cal. Nov. 7, 2013)........17

*Lozano v. Nissan N. Am., Inc.*,
  No. 5:22-cv-01887-RGK-SP, 2023 WL 2628691 (C.D. Cal. Feb. 21, 2023) ..........10

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean
  Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*, 31 F.4th 651
  (9th Cir. 2022)....................................................................18, 19, 20

*McGinity v. Procter & Gamble Co.*,
  69 F.4th 1093 (9th Cir. 2023)................................................................4

*McKinney v. Corsair Gaming, Inc.*,
  646 F. Supp. 3d 1133 (N.D. Cal. 2022) ...............................................21

*Mollicone v. Universal Handicraft, Inc.*,
  No. 2:16-cv-07322-CAS(MRWx), 2017 WL 440257 (C.D. Cal. Jan. 30,
  2017) .............................................................................................18

*Mosqueda v. Am. Honda Motor Co.*,
  443 F. Supp. 3d 1115 (C.D. Cal. 2020)...............................................10

*Nese v. Scenario Cokram USA, Inc.*,
  No. 8:21-cv-00814-DOC 2021 WL 4497893 (C.D. Cal. July 20, 2021) ............9

*Norcia v. Samsung Telecomms. Am., LLC*,
  No. 14-cv-00582-JD, 2015 WL 4967247 (N.D. Cal. Aug. 20, 2015) ...............14

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
  96 F.3d 1151 (9th Cir. 1996)................................................................8

*Pepka v. Kohl's Dep't Stores, Inc.*,
  No. CV-16-4294-MWF, 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) .............5

*Pilgrim v. Universal Health Card, LLC*,
  660 F.3d 943 (6th Cir. 2011).................................................................5

iv

DEFENDANT SPIN MASTER, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
STRIKE NATIONWIDE CLASS ALLEGATIONS, CASE NO. 5:23-CV-02242-DMG-SP

*Roper v. Big Heart Pet Brands, Inc.*,
   510 F. Supp. 3d 903 (E.D. Cal. 2020)................................................................16

*Samaan v. Anthem Blue Cross Life & Health Ins. Co.*,
   No. CV 20-4332-DMG, 2021 WL 6425548......................................................12

*Sanders v. Apple Inc.*,
   672 F.Supp.2d 978 (N.D. Cal. 2009) ..................................................................5

*Scheibe v. Livwell Prods., LLC*,
   No. 23-cv-216-MMA-BLM, 2023 WL 6812550 (S.D. Cal. Oct. 16, 2023) ........9

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ...............................................................................8

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................8, 9

*South Bay Chevrolet v. General Motors Acceptance Corp.*,
   72 Cal. App. 4th 861 (1999) .............................................................................12

*Stewart v. Electrolux Home Prods., Inc.*,
   304 F. Supp. 3d 894 (E.D. Cal. 2018)...............................................................14

*Stewart v. Kodiak Cakes, LLC*,
   537 F. Supp. 3d 1103 (S.D. Cal. 2021) .........................................................17, 18

*Sukonik v. Wright Med. Tech., Inc.*,
   No. CV 14-08278 BRO, 2015 WL 10682986 (C.D. Cal. Jan. 26, 2015)...........11

*Taragan v. Nissan N. Am., Inc.*,
   No. C 09-3660 SBA, 2013 WL 3157918 (N.D. Cal. June 20, 2013) ..................7

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
   308 F.R.D. 630 (N.D. Cal. 2015) .....................................................................19

*Torralbo v. Davol Inc.*,
   No. 8:17-cv-00201-JLS-KES, 2017 WL 8292477 (C.D. Cal. Apr. 12, 2017) ...15, 16

*Veera v. Banana Republic, LLC*,
   6 Cal. App. 5th 907 (2016) ...............................................................................16

*Vinci v. Hyundai Motor Am.*,
   No. No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828 (C.D. Cal.
   Apr. 10, 2018) .................................................................................................18

*In re Vizio, Inc., Consumer Privacy Litig.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ..............................................12

*Whittlestone, Inc. v. Handi–Craft Co.*,
   618 F.3d 970 (9th Cir. 2010).............................................................16

*Williams v. Apple, Inc.*,
   No. 19-CV-04700-LHK, 2020 WL 6743911 (N.D. Cal. Nov. 17, 2020) ............8

*Zapata Fonseca v. Goya Foods Inc*.,
   No. 16-cv-02559-lhk, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ..................8

**Statutes**

Cal. Bus. & Prof. Code § 17200 .........................................................12

Cal. Civ. Code § 3294(a)....................................................................16

Cal. Civ. Code § 3294(b) ...................................................................17

Cal. Consumer Legal Remedies Act ...........................................2, 6, 13, 14

Cal. False Advertising Law..........................................................*passim*

Cal. Unfair Competition Law .......................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 8(a) .........................................................................11

Fed. R. Civ. P. 12(b)(6) .................................................................4, 16

Fed. R. Civ. P. 12(f).........................................................................16

Fed. R. Civ. P. 23.............................................................................5

Fed. R. Civ. P. 23(c)(1)(A)..................................................................5

Fed. R. Civ. P. 23(d)(1)(D)..................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

"Do not eat." That warning, and others, appears in some fashion prominently on the front of every Spin Master, Inc. ORBEEZ™ water bead[1] product, including the two Plaintiff purchased:



Plaintiff takes no issue with these warnings and does not allege ORBEEZ™ are noncompliant with any applicable safety standard. Yet she claims Spin Master violated the law—even committed fraud—because it did not disclose two theoretical reasons **why** its ORBEEZ™ water beads should not be eaten or inserted. Specifically, Plaintiff contends Spin Master should tell consumers that (1) the products, if ingested or inserted in the body, can expand, potentially causing blockage or obstruction (Plaintiff refers to this as the "Obstruction Omission" and/or "Obstruction Danger") and (2) that if ingested, the products may be difficult to detect on x-rays (which Plaintiff refers to as the "Non-Detection Omission" and/or "Non-Detection Danger") (the Obstruction Omission and Non-Detection Omission are referred to herein as the "Alleged Omissions").

---

[1] Spin Master's ORBEEZ™ water beads are a super-absorbent polymer, made from sodium poly acrylate. The beads are sold in dry bead form and in hydrated form. *See* Am. Compl. Ex. 1.

Obviously, if the warnings given on Spin Master's products—do not eat, do not insert, and presents a choking hazard—are heeded, the disclosures Plaintiff wants are, at best, superfluous. Nevertheless, based solely on the Alleged Omissions, Plaintiff brings the following claims individually and on behalf of a California or nationwide class: Count I: Violation of California's Unfair Competition Law ("UCL"); Count II: Violation of California's False Advertising Law ("FAL"); Count III: Violation of California's Consumer Legal Remedies Act ("CLRA"); Count IV: Breach of Warranty; Count V: Fraudulent Inducement; Count VI: Negligent Misrepresentation; and Count VII: Unjust Enrichment.

This case can start and end with the commonsense test. Plaintiff alleges she "reviewed" the labels of Spin Master's products before she made her purchases (which include the warnings against eating or inserting the products) but would not have purchased the products or would have paid less if she knew why the products should not be eaten or ingested. Such palpable implausibility is precisely what *Twombly* and *Iqbal* proscribe.

Each of Plaintiff's claims fail for the additional reason that Spin Master has no duty to disclose the Alleged Omissions. An omission is actionable only if there is a duty to disclose the omitted facts. Here, Plaintiff cannot plausibly plead a basis for such a duty. Her claims must be dismissed.

Plaintiff's equitable claims—violation of the UCL (Count I), violation of FAL (Count II), and unjust enrichment (Count VII)—fare no better. These claims must be dismissed because Plaintiff has an adequate remedy at law; namely, damages. The same is true for Plaintiff's request for equitable relief in the form of restitution, disgorgement, and an injunction. These remedies are unavailable to Plaintiff where, like here, she has adequate legal remedies.

Plaintiff's tort claims—Fraudulent Inducement (Count V) and Negligent Misrepresentation (Count VI)—are barred by the economic loss rule. But they fail for additional reasons too. Her fraudulent inducement claim fails because she cannot plausibly plead Spin Master's intent to defraud or reliance. And her negligent misrepresentation claim cannot be based solely upon the Alleged Omissions.

2

DEFENDANT SPIN MASTER, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS, CASE NO. 5:23-CV-02242-DMG-SP

Plaintiff's UCL and FAL statutory claims fail for additional reasons. Her UCL claim fails because she cannot plausibly allege unfair, fraudulent, or unlawful conduct sufficient to support such a claim. And her FAL claim fails because it cannot be based on a pure omission theory.

Plaintiff's warranty claim fails because—since her case is based purely on Alleged Omissions—she cannot identify the terms of an express warranty. Thus, she cannot plausibly allege those undefined terms became a part of her bargain with Spin Master, that those terms were breached, or that the breach caused her damages. To the extent she attempts to state a claim for breach of the implied warranty of merchantability, she fails because she cannot allege privity with Spin Master nor that its products are unfit for their ordinary use.

Punitive damages—a request Plaintiff regurgitates in each cause of action—should also be dismissed. For one, punitive damages are not available for many of the claims Plaintiff asserts. In any event, she fails to plausibly plead oppression, fraud, or malice by any Spin Master officer, director, or agent that could support such a request.

Finally, Plaintiff's putative nationwide class allegations should be stricken. Even a cursory review of her pleading reveals that Plaintiff has no standing to represent consumers in states other than California and complaining of purchases outside the state. Courts routinely strike nationwide class allegations in similar circumstances – this case should be no different.

## II.    BACKGROUND

After parsing the hyperbole and inflammatory anecdotes (much of which is not even aimed at Spin Master's ORBEEZ™ products),[2] Plaintiff's claims are straightforward. She alleges that over three years ago, "in or around Winter 2020," she bought an ORBEEZ™ Color Meez Activity Kit. *See* Am. Compl. ¶ 11(b). Years later, "[b]etween in or around Fall 2022 and in or around January 2023," she bought approximately ten packs of the

---

[2] There are many competitor and knock-off brands of water beads on the market.

ORBEEZ™ Color Seed Pack. *See id.* When she made these purchases, she "reviewed" the "Products' packaging and labels." *Id.* ¶ 11(c).

Plaintiff does not allege Spin Master's products caused her physical injury. *See generally* Am. Compl. Nor does she allege property damage. *See id.* Rather, despite unambiguous warnings on the front of the products Plaintiff purchased—and, indeed, on every ORBEEZ™ product—that the products should not be eaten, should not be inserted into a nose or ear, and present a choking hazard, *see* Am. Compl. Ex. 1, at 1-5, 1-17. Plaintiff claims Spin Master failed to disclose on its packaging the Alleged Omissions and, consequently, could charge "consumers a premium for Products that they would not otherwise have paid[.]" *Id.* ¶ 6.

## III.   LEGAL STANDARD

### a.   Rule 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the claims alleged in the Complaint. Allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023). A complaint should be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009). Indeed, the complaint must establish a "plausible"—not merely "conceivable"—right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for relief is a "context-specific task," requiring "the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679; *McGinity v. Procter & Gamble Co.*, 69 F. 4th 1093, 1096 (9th Cir. 2023) (same).

### b.   Motion to Strike.

Rule 23 requires the Court, "[a]t an early practicable time after a person sues or is sued as a class representative" to "determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class

4

DEFENDANT SPIN MASTER, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS, CASE NO. 5:23-CV-02242-DMG-SP

allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 990 (N.D. Cal. 2009). Said another way, where—like here—a complaint demonstrates that requirements for maintaining a class action cannot be met, Rule 23 allows the Court to require that the pleadings be amended to eliminate the class allegations. *See* Fed. R. Civ. P. 23(d)(1)(D); *see generally Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946–47 (6th Cir. 2011); *Elson v. Black*, 56 F.4th 1002, 1006–07 (5th Cir. 2023) (affirming order striking nationwide class allegations); *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4294-MWF (FFMx), 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class allegations).

## IV.   ARGUMENT

### a.   Plaintiff's claims are implausible.

Plaintiff bought Spin Master's products that explicitly warned that they should not be eaten or inserted into an ear or nose and may pose a choking hazard. There is no dispute that these warnings appeared on the products she bought. *See* Am. Compl. Ex. 1, at 1-5, 1-17. Yet she alleges economic harm because Spin Master did not disclose two hypothetical, potential consequences of eating or ingesting its products. Beyond straining credulity, her claims fail the plausibility test. *See Twombly*, 550 U.S. at 570 (complaint must establish a plausible right to relief); *Iqbal*, 556 U.S. at 679 (court must draw on its "judicial experience and common sense.").

Again, Plaintiff bought products that indisputably included warnings that they should not be eaten, inserted, and present a choking hazard, but alleges she would not have purchased (or would have paid less) if she knew of the Alleged Omissions. But, at best, the purportedly omitted information only corroborates disclosures Spin Master already made on its packaging—packing Plaintiff "reviewed" before purchase. *See* Am. Compl. ¶ 11(b). Considering the warnings on Spin Master's packaging, Plaintiff cannot plausibly allege reliance on the Alleged Omissions or any damage therefrom. Likewise, against Spin Master's existing warnings, Plaintiff cannot plausibly allege any reasonable consumer

could be deceived by the Alleged Omissions.[3] Courts do not hesitate to dismiss implausible claims of false or deceptive advertising at the pleading stage. *See Klammer v. Mondelez Int'l, Inc.*, No. 2023 WL 105095, *6 (N.D. Cal. Jan. 4, 2023) ("Plaintiff has failed to plausibly allege that had the omitted information been disclosed, he would have been aware of it and behaved differently."). This case is no different; Plaintiff's claims fail the *Twombly/Iqbal* plausibility standard and should be dismissed.

### b.    Spin Master has no duty to disclose the Alleged Omissions.

The Alleged Omissions are actionable only if Spin Master has a duty to disclose the purportedly omitted facts. *See Andren v. Alere, Inc*., 207 F. Supp. 3d 1133, 1141 (S.D. Cal. 2016) ("In order to state a claim of fraudulent omissions under the UCL/FAL, CLRA, or as a claim of common law fraud, a plaintiff must allege facts either showing that the alleged omissions are 'contrary to a representation actually made by the defendant, or showing an omission of a fact the defendant was obliged to disclose.'"). It does not.

California recognizes four (4) circumstances in which an obligation to disclose may arise: (1) when defendant is in a fiduciary relationship with plaintiff; (2) when defendant had exclusive knowledge of material facts not known to plaintiff; (3) when defendant actively conceals a material fact from plaintiff; and (4) when defendant makes partial representations but suppresses some material facts. *Andren*, 207 F. Supp. 3d at 1142; *see also JDIS Grp., LLC v. 626 Holdings, LLC*, No. SA CV 20-994-DMG, 2021 WL 4813757, at *5 (C.D. Cal. June 7, 2021) (Gee, J.) (same).[4]

Plaintiff does not—and cannot—allege a fiduciary relationship with Spin Master. *See generally* Am. Compl. Nor does she allege Spin Master's "exclusive knowledge" of the Alleged Omissions. *See id*. Indeed, any such allegation is easily rebuffed by the decade-

---

[3] Plaintiff's consumer protection claims under California's UCL, FAL, and CLRA are each governed by the "reasonable consumer" standard, which requires "a probability that a significant portion of the general consuming public . . . acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016). Plaintiff's illogical theory of deception fails this test.

[4] Some courts have recognized a duty to disclose in instances where a physical defect creates a safety hazard, *see Hodson v. Mars, Inc.*, 891 F.3d 857, 863-65 (9th Cir. 2018), but Plaintiff here does not allege Spin Master's ORBEEZ™ products suffer from any physical defect.

plus of public discourse detailing the purported risks of water beads Plaintiff cites. *See, e.g.*, Am. Compl. ¶ 4 n.5 (citing American Academy of Pediatrics, *Water Absorbing Polymer Beads*, 35 AAP News 1 (2014) ("These soft, colorful products . . . can expand inside a child's body and block the intestines[.]")); *id.* ¶ 19 ("Consumers, and parents in particular, have been denouncing water beads for over a decade."); *id.* ¶ 25 (referencing NEISS Database "designed to be accessible to the public" and tracking alleged reports of product-related injuries). Plaintiff likewise does not allege Spin Master made a "partial" representation, but suppressed some material facts. *See generally* Am. Compl.

The closest Plaintiff comes (though still falling far short) to alleging any of the four circumstances giving rise to a duty to disclose is repeating the generic allegation that Spin Master "intentionally misrepresented and/or concealed material facts[.]" Am. Compl. ¶¶ 78, 113, 129, 136, 146, 158. But repetition alone does not make allegations plausible. Plaintiff "must plead more than an omission; rather, a plaintiff must assert affirmative acts of concealment; e.g., that the defendant 'sought to suppress information in the public domain or obscure the consumers' ability' to discover it." *Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, *7 (N.D. Cal. June 20, 2013) (alleging defendant "actively concealed . . . the Defect and posed a serious risk of Rollaway Danger" was insufficient to create duty to disclose). Plaintiff makes no plausible allegation showing Spin Master concealed anything or sought to suppress information in the public domain or obscure consumers' ability to discover it. *See generally* Am. Compl.

Because Plaintiff fails to allege facts permitting a reasonable inference that Spin Master had a duty to disclose the so-called Obstruction Danger or Non-Detection Danger, Plaintiff's claims—each premised upon Spin Master's Alleged Omissions—should be dismissed.

### c.   Plaintiff's equitable claims must be dismissed.

Plaintiff's claims under the UCL (Count I) and FAL (Count II) provide for equitable relief, which is "not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009). And where an equitable claim relies on

7

DEFENDANT SPIN MASTER, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
STRIKE NATIONWIDE CLASS ALLEGATIONS, CASE NO. 5:23-CV-02242-DMG-SP

the "same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014).

Traditional "principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests" equitable remedies. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of UCL claim when plaintiff did not lack adequate remedy at law). For this reason, California courts consistently dismiss UCL and FAL claims, like Plaintiff's here, that rely on the same factual predicate as other actions at law. *See, e.g.*, *Sonner*, 971 F.3d at 844; *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2020 WL 6743911, *3 (N.D. Cal. Nov. 17, 2020); *Zapata Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-lhk, 2016 WL 4698942, at *7–8 (N.D. Cal. Sept. 8, 2016) (dismissing UCL and FAL claims relying on same facts as claims for breach of contract and fraud).

The same is true of Plaintiff's unjust enrichment claim (Count VII) and her requests for the equitable remedies of restitution, disgorgement, and injunctive relief. To start, an action for unjust enrichment, a claim in quasi-contract, "does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). In support of her unjust enrichment claim, Plaintiff alleges that by "purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendants in the form of the purchase price of the Products." Am. Compl. ¶ 161. These purchases are covered by the express warranty that Plaintiff alleges was breached in her breach-of-warranty claim. *See generally* Am. Compl. Because Plaintiff has an adequate legal remedy, her claim for unjust enrichment must be dismissed. *See generally Sonner*, 971 F.3d at 844 (dismissing claims seeking restitution because the plaintiff did not lack an adequate legal remedy).

For the same reasons, Plaintiff's request for equitable relief—specifically, restitution, disgorgement, and injunctive relief—must be dismissed. *See* Am. Compl. ¶¶ 77, 88, 96, 105, 112, 127, 135, 145, 157, 164. *See Sonner*, 971 F.3d at 844 (dismissing claim

8

DEFENDANT SPIN MASTER, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND
STRIKE NATIONWIDE CLASS ALLEGATIONS, CASE NO. 5:23-CV-02242-DMG-SP

for restitution because plaintiff did not lack adequate remedy at law); *Nese v. Scenario Cokram USA, Inc.*, No. 8:21-cv-00814-DOC 2021 WL 4497893, at *3 (C.D. Cal. July 20, 2021) (Carter, J.) (citing *Sonner* and dismissing request for restitution and injunctive relief); *Scheibe v. Livwell Prods., LLC*, No. 23-cv-216-MMA-BLM, 2023 WL 6812550, at *3 (S.D. Cal. Oct. 16, 2023) ("district courts have not limited *Sonner* to restitution" but rather have applied the decision to "all forms of equitable relief, including injunctive relief").

### d.   Plaintiff's tort claims must be dismissed.

### i.  The Economic Loss Rule bars Plaintiff's tort claims.

The economic loss rule provides that where a purchaser's expectations in a sale are frustrated the remedy is in contract alone, because the purchaser suffered only economic loss. *See Hsieh v. FCA US LLC*, 440 F. Supp. 3d 1157, 1161 (S.D. Cal. 2020) (dismissing omission-based tort claims based on application of economic loss rule). The rule bars recovery in tort for economic damages unless accompanied by some form of personal injury or property damage. *See id.* (citation omitted).

Plaintiff does not allege she suffered physical injury or property damage, only economic injuries. *See, e.g.*, Am. Compl. ¶ 11(f) (alleging only economic injuries). For this reason, Plaintiff's tort claims—Fraudulent Inducement (Count V)[5] and Negligent Misrepresentation (Count VI)—are barred by the economic loss rule. *See Hsieh*, 440 F. Supp. 3d at 1162; *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F. Supp. 3d 838, 847-50 (C.D. Cal. 2020) (Birotte, J.) ("the economic loss rule bars Plaintiff's claim for fraudulent inducement by omission"); *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115, 1134 (C.D. Cal. 2020) (Fitzgerald, J.) (rejecting argument that failure to disclose a defect constituted fraudulent inducement barring application of the economic loss rule); *Barela v. FCA USA, LLC*, No. EDCV-01444 JGB (KKx), 2022 WL

---

[5] Although titled as a claim for "Fraudulent Inducement (Intentional Misrepresentation)," *see* Am. Compl. ¶¶ 137-146, Plaintiff's claim is based only on Spin Master's Alleged Omissions, *see id.* ¶ 139 ("By labeling and marketing the Products **with the Material Omissions**, Defendants failed to disclose risk posed [by] the Products." (emphasis added)).

19333334, *3 (C.D. Cal. Oct. 11, 2022) (Bernal, J.) (omission-based fraudulent inducement claims barred by economic loss rule).

i. **Plaintiff's claim for fraudulent inducement fails because she cannot plausibly plead intent or reliance.**

Though titled as a claim for "Fraudulent Inducement (Intentional Misrepresentation)," *see* Am. Compl. ¶¶ 137-146, Plaintiff's claim is based only on Spin Master's purported omissions, *see id.* ¶ 139 ("By labeling and marketing the Products **with the Material Omissions**, Defendants failed to disclose risk posed [by] the Products." (emphasis added)). To state a claim for fraudulent inducement by concealment or omission, Plaintiff must allege (1) Spin Master concealed or suppressed a material fact; (2) Spin Master was under a duty to disclose that fact; (3) Spin Master acted with the intent to defraud; (4) Plaintiff was unaware of the material fact and would have acted otherwise had she known of it; and (5) Plaintiff was damaged. *See Lozano v. Nissan N. Am., Inc.*, No. 5:22-cv-01887-RGK-SP, 2023 WL 2628691, at *2 (C.D. Cal. Feb. 21, 2023) (Klausner, J.).

As discussed above, Plaintiff fails to plausibly allege either that Spin Master concealed or suppressed a material fact or that it had a duty to disclose the Alleged Omissions. *See supra* Section IV.b. But her claim fails too because she cannot plausibly allege Spin Master intended to defraud her; she claims only that Spin Master "intended to induce—and did, indeed, induce—Plaintiff . . . to purchase the Products in reliance on the [Alleged] Omissions on the Products labels[.]" Am. Compl. ¶ 144.

Though Plaintiff may plead intent generally, her allegations "must still meet Rule 8(a)'s plausibility standard under *Twombly* and *Iqbal*," and "threadbare recitation of the prima facie elements of a fraudulent inducement claim falls short of Rule 8(a)." *Garcia v. Gen. Motors LLC*, No. 1:18-cv-01313-LJO-BAM, 2019 WL 1209632, *5 (E.D. Cal. Mar. 14, 2019); *Sukonik v. Wright Med. Tech., Inc.*, No. CV 14-08278 BRO (MRWx), 2015 WL 10682986, *15-16 (C.D. Cal. Jan. 26, 2015) (O'Connell, J.) (dismissing fraudulent misrepresentation and fraudulent concealment claims when plaintiff made only threadbare allegations of intent). Because Plaintiff makes no factual allegations demonstrating Spin Master's intent to defraud her, her claim must be dismissed. *See id.*; *see also Garcia*, 2019

10

WL 1209632 at *10 (dismissing fraudulent inducement concealment claim based on only "boilerplate language pleading [defendant's] intent to defraud[.]").

Furthermore, common sense says Plaintiffs cannot plausibly allege she would have acted differently if Spin Master made the disclosures she claims are lacking. The notion that Plaintiff would, as she did, buy the products with labels that warn "do not eat," "do not insert" and present a "choking hazard," *see* Am. Compl. Ex. 1, but would act differently—i.e., not buy the products or pay less for them—if she knew **why** they shouldn't be eaten or inserted, smacks of implausibility. *See supra* Section IV.a; *Johnson v. Am. Standard, Inc.*, 179 P.3d 905, 910 (Cal. 2008) ("when a sufficient warning is given, 'the seller may reasonably assume that it will be read and heeded[.]'").

### ii.    Plaintiff's negligent misrepresentation claim cannot be based solely on purported omissions.

Plaintiff contends that by "labeling, packaging, advertising, marketing, and selling the Products with the Obstruction Omission and the Non-Detection Omission, Defendants . . . negligently misrepresented the safety of the Products[.]" Am. Compl. ¶ 151. But this claim cannot be based solely on alleged omissions and must be dismissed. *See Eur. Travel Agency Corp. v. Allstate Ins. Co.*, 600 F. Supp. 3d 1099, 1105 (C.D. Cal. 2022) (Fischer, J.) (a "claim for negligent misrepresentation" requires "a positive assertion" and that "an omission or an implied assertion or representation is not sufficient"); *In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1230 (C.D. Cal. 2017) (Staton, J.) ("[a] negligent misrepresentation claim 'requires a positive assertion'.").

### e.    Plaintiff's UCL claim (Count I) fails.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff cannot state a claim under any of these prongs.

### i.    Plaintiff does not plausibly plead "unfair" conduct.

"The UCL does not define the term 'unfair.' In fact, the proper definition of 'unfair' conduct against consumers 'is currently in flux' among California courts." *Hodsdon*, 891 F.3d at 866. In *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th

11

861, 865 (1999), "unfair" conduct was defined as that which "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* (the "*South Bay* test"). In another case, however, the California Supreme Court defined unfair conduct as that which "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (1999) (the "*Cel-Tech* test"). The *Cel-Tech* test further required that unfairness be tethered to some legislatively declared policy or proof of some actual threatened impact on competition. *See Hodsdon*, 891 F.3d at 866. Although the *Cel-Tech* test did not apply to actions by consumers, some California courts have extended it to consumer actions, while others have applied the *South Bay* test. *See Hodsdon*, 891 F.3d at 867.

This Court applies the *South Bay* test to the UCL's unfair prong. *See Samaan v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV 20-4332-DMG (GJSx), 2021 WL 6425548, at *5 (C.D. Cal. Nov. 17, 2021 (Gee, J.) ("As for the unfair prong [of the UCL], [plaintiff] does not demonstrate how Defendant's underpayment of his claims 'either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." (citing *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008))). Plaintiff's conclusory allegation that Spin Master's "labeling and advertising of the Products, as alleged [in the Amended Complaint], is deceptive, misleading, and unreasonable, and constitutes unfair conduct" fails the test.[6] Am. Compl. ¶ 84. *See Joseph v. Ralphs Grocery Co.*, 2016 WL 1056648, *3 (C.D. Cal.) (Gee, J.) (dismissing consumer's UCL claim under unfair prong when based upon only vague assertions, not factual allegations showing unfair practices).

---

[6] Though not the test this Court employs in consumer actions like this, Plaintiff fails the *Cel-Tech* test too because she fails to plausibly allege Spin Master's conduct significantly threatens or harms competition or that it is tethered to some legislatively declared policy or proof of actual threatened impact on competition. *See* Am. Compl. ¶ 83.

### ii.    Plaintiff fails to plausibly plead "fraudulent" conduct.

Plaintiff's claim under the fraudulent prong of the UCL is easily dismissed. A "failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone within the meaning of the UCL." *Hodson v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) (citation omitted); *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544 (2007) ("Absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL."). As discussed above, Spin Master has no duty to disclose the Alleged Omissions, *see supra* Section IV.b, and, accordingly, Plaintiff's claim under the fraudulent prong of the UCL fails.

### iii.    Because Plaintiff's other claims fail, so too does her claim under the UCL's "unlawful" prong.

With respect to the UCL's unlawful prong, Plaintiff ties her claim to purported violations of California's FAL, CLRA, and four civil code sections dealing with actual or constructive fraud. *See* Am. Compl. ¶¶ 98-99. But as discussed elsewhere in this brief, Plaintiff fails to state a claim under the FAL, CLRA, or for any variation of an omission-based fraud claim. She therefore cannot state a claim under the unlawful prong of the UCL. *See Hodson v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) (dismissing UCL claim based on purported violation of CLRA when allegations of CLRA violation failed for want of a duty to disclose).

### f.    Plaintiff's FAL claim (Count II) must be dismissed because it cannot be based solely upon the Alleged Omissions.

Spin Master violated the FAL, Plaintiff alleges, when it "advertised and marketed the Products through the unfair, deceptive, and misleading *Material Omissions*[.]" Am. Compl. ¶ 109 (emphasis added). But a "FAL claim is not cognizable when based solely on an omission of material information." *Kulp v. Munchkin, Inc.*, No. 2:22-cv-09381-WLH-E, 2023 WL 4843340, at *8 (C.D. Cal. June 21, 2023) (Hsu, J.); *Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 907-908 (E.D. Cal. 2018) ("A FAL claim is not cognizable when based solely on an omission of material information."). Said another way, there can be no FAL claim where—like here—there is no statement at all. *See Norcia v.*

*Samsung Telecomms. Am., LLC*, No. 14-cv-00582-JD, 2015 WL 4967247, *8 (N.D. Cal. Aug. 20, 2015).  Instead, a "complaint must identify an affirmative statement that was made false or misleading by the omission[.]" *Kulp*, 2023 WL 4843340, at *8. Plaintiff fails to do so and therefore her claim must be dismissed.

### g.    Plaintiff's Breach of Warranty Claim (Count IV) fails.

To state a breach of express warranty claim, Plaintiff must allege the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff. *See Cho v. Hyundai Motor Co.*, 636 F. Supp. 3d 1149, 1173 (C.D. Cal. 2022).  Indeed, to plead such a claim, Plaintiff must "allege the exact terms of the warranty." *Id.* Plaintiff's Amended Complaint fails on every element.

Plaintiff alleges *no* terms (exact or otherwise) of a purported express warranty. *See* Am. Compl. ¶¶ 130-136. She claims by "advertising and selling the Products at issue, Defendants made promises and affirmations of fact on the Products' packaging and labeling . . . . This labeling and advertising constitute express warranties[.]" *Id.* ¶ 132. She goes on to confusingly allege that in the Alleged Omissions "on the Products' labeling, packaging, and advertising, Defendants expressly warrant that the Products do not pose a risk of the Material Dangers." *Id.*

Putting aside Plaintiff's specious reading of Spin Master's packaging—which, again, includes unambiguous warnings that its products should not be eaten or inserted into a nose or ear, and present a choking hazard—Plaintiff fails to identify any specific "affirmations of fact" Spin Master made. *See* Am. Compl. As repeatedly made clear throughout the Complaint, Plaintiff's claims are based solely upon purported *omissions*. *See generally* Am. Compl.

Without identifying the exact terms of a purported warranty, Plaintiff does not, and cannot, plausibly allege those terms became a basis of her bargain with Spin Master or that there was any breach. And without a breach, she cannot plausibly tie her alleged damages

14

DEFENDANT SPIN MASTER, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS, CASE NO. 5:23-cv-02242-DMG-SP

1  (if any) to the purported breach. Plaintiff's claim for breach of express warranty fails
2  wholesale and must be dismissed.

3  So too does Plaintiff's claim fail where she attempts to assert a breach of the implied
4  warranty of merchantability. *See* Am. Compl. ¶ 133 ("Defendants . . . made affirmations of
5  fact that the products are merchantable and conform to the promises or affirmations of fact
6  made on the Products' packaging and labeling[.]"). A breach of the implied warranty of
7  merchantability occurs only if "the product lacks 'even the most basic degree of fitness for
8  ordinary use.'" *See Allen v. Hyland's Inc.*, 300 F.R.D. 643, 669 (C.D. Cal. 2014) (Gee, J.).

9  Plaintiff's implied warranty allegations are simply a regurgitation of her conclusory
10  allegations with respect to express warranty. *See* Am. Compl. ¶ 133. Nowhere does she
11  allege Spin Master's products are unfit for ordinary use. *See id.* ¶¶ 133-34. Moreover,
12  Plaintiff fails to allege privity with Spin Master, which is a prerequisite to her claim. *See*
13  *Allen*, 300 F.R.D. at 669 (Gee, J.) ("[B]reach of an implied warranty also requires that the
14  plaintiff be in vertical privity with the defendant[.]"); *Torralbo v. Davol Inc.*, No. 8:17-cv-
15  00201-JLS-KES, 2017 WL 8292477, *2 (C.D. Cal. Apr. 12, 2017) (Staton, J.) (same). In
16  fact, her allegations elsewhere demonstrate privity is lacking. *See* Am. Compl. ¶ 11(b)
17  (alleging purchases from an unidentified "store located in Riverside County[.]"). Without
18  privity, Plaintiff's implied warranty claim must be dismissed. *See Torralbo*, 2017 WL
19  8292477, at *2 (dismissing implied warranty of merchantability claim when privity was
20  lacking).

21  **h.  Plaintiff pleads no basis for punitive damages.**

22  Plaintiff seeks punitive damages on all her claims. *See* Am. Compl. ¶¶ 77, 112, 134,
23  144, 156, 163, 164(e). But, as a threshold matter, punitive damages are unavailable for
24  many of the claims she asserts; specifically, punitive damages are not available under
25  California law for violations of the UCL or the FAL, *Veera v. Banana Republic, LLC*, 6
26  Cal. App. 5th 907, 915 (2016) (remedies "in a UCL or FAL action are generally limited to
27  injunctive relief and restitution" and not damages); breach of warranty, *see Roper v. Big
28  Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020) ("[P]unitive damages

15

are not available . . . for breach of express or implied warranty[.]"); nor unjust enrichment, *Goel v. Coal. Am. Holding Co.*, No. CV 11-2349 GAF (EX), 2011 WL 13128300, at *9 (C.D. Cal. July 5, 2011) (Feess, J.) (noting punitive damages are unavailable in actions "in equity," and unjust enrichment is an equitable cause of action). Plaintiff's request for punitive damages in each of these causes of action should be dismissed.[7]

Notwithstanding the legal bar, Plaintiff fails to plausibly plead a basis for punitive damages, which require allegations of "oppression, fraud, or malice[.]" Cal. Civ. Code § 3294(a). Furthermore, because a company, like Spin Master, cannot commit willful and malicious conduct – only an individual can, California law requires that the alleged conduct underpinning punitive damages "must be on the part of an officer, director, or managing agent" of the corporation. Cal. Civ. Code § 3294(b); *see Appel v. Bos. Nat'l Title Agency, LLC*, No. 18-cv-873-BAS-MDD, 2019 WL 3858888, at *9 (S.D. Cal. Aug. 15, 2019) (internal quotation marks omitted); *see, e.g.*, *Lockhart v. Wal-Mart Stores, Inc.*, No. 13-cv-1919-MMA (KSC), 2013 WL 12121260, at *7 (S.D. Cal. Nov. 7, 2013) (dismissing punitive damages claims where the plaintiff did not "plead that a corporate officer, director or managing agent . . . took any action amounting to authorization or ratification of the alleged misconduct").

Here, Plaintiff states repeatedly that "[t]he wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants." Am. Compl. ¶¶ 78, 113, 136, 146, 158, 165.  But this regurgitation, without corresponding facts, "cannot lift an insufficiently pleaded complaint over the *Iqbal* and *Twombly* hurdles." *Diaz v. Bank of Am. Home Loan Servicing, L.P.*, No. CV099286PSGMANX, 2011 WL 13046844, at *5 (C.D. Cal. July 8, 2011) (Gutierrez, J.) (dismissing plaintiff's demands for punitive

---

[7] Because "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law," *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010), Defendant moves to dismiss the portions of Plaintiff's claims requesting punitive damages. *See, e.g.*, *Gourgue v. United States*, No. 12-cv-1490-LAB, 2013 WL 1797099 (S.D. Cal. Apr. 29, 2013) (converting a Rule 12(f) motion to strike a request for punitive damages and attorneys' fees into a Rule 12(b)(6) motion to dismiss and dismissing those requests for relief).

damages with prejudice where plaintiff simply recited language of § 3294(b)). Plaintiff's request for punitive damages must be dismissed. *See id.*

### i.    Plaintiff's nationwide class allegations should be stricken.

Plaintiff purports to bring her claims for Breach of Warranty (Count IV), Fraudulent Inducement) Intentional Misrepresentation (Count V), Negligent Misrepresentation (Count VI), and Unjust Enrichment/Restitution (Count VII) on behalf of a nationwide class. *See* Am. Compl. ¶¶ 131, 138, 148, 160. But her nationwide allegations should be stricken because she does not have standing to assert these claims on a nationwide basis. No amount of discovery can overcome these obstacles; Plaintiff's nationwide class allegations should be stricken.

California courts address standing inquiries at the pleading stage and routinely dismiss putative class claims brought under state laws that have no connection to the named plaintiff. *See Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1123 (S.D. Cal. 2021) (finding that plaintiffs lacked standing to bring claims under the laws of the states where they do not reside or did not purchase). "Even in circumstances where courts have found they have discretion to defer standing questions until after class certification, the standing inquiry can be addressed when [a plaintiff] bring[s] claims from a state where [she does] not have a connection. *Id.* at 1124. And the "fact that this action is a putative class action does not excuse Plaintiff['s] obligation to show standing for each claim asserted." *Id.*

It is unclear under which state law(s) Plaintiff attempts to assert claims for Breach of Warranty (Count IV), Fraudulent Inducement (Count V), Negligent Misrepresentation (Count VI), and Unjust Enrichment (Count VII).[8] But to the extent that she attempts to raise those claims under the laws of states other than California and with respect to transactions that did not occur here, her nationwide class allegations should be stricken. *See Mollicone v. Universal Handicraft, Inc.*, No. 2:16-cv-07322-CAS(MRWx), 2017 WL

---

[8] This failure alone renders the claims deficient. *See Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at *13 (C.D. Cal. Apr. 10, 2018) ("[T]here is an important defect with Plaintiffs' . . . claims for breach of implied and express warranty, fraudulent concealment, and unjust enrichment: Plaintiffs do not identify under which state's law Plaintiffs are pursuing their claims.").

440257, at \*9-10 (C.D. Cal. Jan. 30, 2017) (Snyder, J.) ("majority of courts to consider this question have concluded that when 'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal'" (citation omitted)).

Again, Plaintiff's putative nationwide class definition encompasses consumers who are citizens of, and may have purchased Spin Master's products in, all 50 states. A federal court in diversity, "must look to the forum state's choice of law rules to determine the controlling substantive law." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*, 31 F.4th 651 (9th Cir. 2022). California law may be used on a class-wide basis only if "the interests of other states are not found to outweigh California's interest in having its law applied." *Davison v. Kia Motors Am. Inc.*, Case No. SACV 15-00239-CJC (RNBx), 2015 WL 3970502, at \*2 (C.D. Cal. June 29, 2015). To determine whether those interests outweigh California's interest, a court must apply a three-step test in which:

> (1) the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different; (2) if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists; and (3) if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

*Davison*, 2015 WL 3970502, at \*2 (citing *Mazza*). Though *Mazza* was decided at class certification, its principle applies "generally and is instructive even when addressing a motion to dismiss." *Id.*

### 1.    Conflict of Laws.

A conflict of law problem arises "if the differences in state law are material." *Id*. Here, conflict problems exist with respect to each of Plaintiff's putative nationwide causes of action. *See also* Decl. of Shawn Obi ("Obi Decl.") in Supp. of Mot. to Dismiss ¶ 2, **Exs. A** (51-jurisdiction survey re: Breach of Express Warranty)**, B** (51-jurisdiction survey re: Breach of Implied Warranty); *see also Tasion Commc'ns, Inc. v. Ubiquiti Networks,*

*Inc.*, 308 F.R.D. 630, 635-37 (N.D. Cal. 2015) (affirming three "material differences in the laws of the various jurisdictions with respect to a claim for breach of express warranty": the requirements of privity; pre-litigation; and reliance); *see also Dei Rossi v. Whirlpool Corp.*, No. 2:12–cv–00125–TLN–CKD, 2015 WL 1932484, at *9–10 (E.D. Cal. Apr. 28, 2015) (discussing material differences with respect to express warranty law in 33 different jurisdictions);[9] Obi Decl. ¶ 3, **Ex. C** (50-state survey re: Fraudulent Inducement); *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 615-16 (S.D. Cal. 2015) ("Similar material differences exist between the states' intentional and negligent misrepresentation laws," such as requirement of knowledge of the falsity, intent to induce reliance, standards of proof and statutes of limitations.); Obi Decl. ¶ 4, **Ex. D** (51-jurisdiction survey re: Negligent Misrepresentation); *id.* ¶ 5, **Ex. E** (51-jurisdiction survey re: Unjust Enrichment); *see also Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 548-49 (C.D. Cal. 2013) (at class certification stage, noting "a number of material differences among the states' laws on unjust enrichment," such as "the degree of wrongful conduct required for liability and whether a benefit must be directly conferred").

### 2.    The Interest of Foreign Jurisdictions.

The second step of the *Mazza* analysis also favors dismissal of Plaintiff's nationwide claims. California law recognizes that foreign jurisdictions have the predominant interest in regulating conduct that occurs within their borders. *Mazza*, 666 F.3d at 591–92. "It is the principle of federalism that permits each state to carefully balance its duty to protect its consumers from injuries caused by out-of-state-business with its duty to shield those businesses from what the state may consider excessive regulation or litigation." *Davison*, 2015 WL 3970502 at *3. Plaintiff's putative nationwide class presumably consists of members from each of the 50 states. *See* Am. Compl. ¶ 36. "These states obviously have an interest in having their own laws applied to the consumer transactions that took place within their borders." *Davison*, 2015 WL 3970502, at *3.

---

[9] Plaintiff concedes the state-by-state differences. *See* Am. Compl. ¶ 52(b) (alleging that "***in some states***, breach of warranty my require privity of contract or pre-lawsuit notice" (emphasis added)).

### 3.   Relative Impairment.

"The final step of California's governmental interest test is designed to accommodate conflicting state policies." *Id.* "The Court must recognize the importance of federalism and every state's right to protect its consumers and promote those businesses within its borders." *Id.* It is not the case here that California has no interest in Plaintiff's claims. But by asserting claims on behalf of a putative nationwide class, Plaintiff's claims encompass class members who are citizens of, and purchased Spin Master's products in, states other than California. *See* Am. Compl. ¶ 53. California's interest in applying its laws to those putative class members is, at best, "attenuated." *Davison*, 2015 WL 3970502, at *3.

Because Plaintiff lacks standing to assert claims under laws of states in which she is not a citizen and did not purchase Spin Master's products, and there is no basis to apply California law to extraterritorial plaintiffs or purchases, Plaintiff's nationwide class allegations should be stricken. *See id.*; *Castaneda v. Fila USA, Inc.*, No. 11-CV-1033-H (BGS), 2011 WL 7719013, at *2 (S.D. Cal. Aug. 10, 2011) (striking nationwide class allegations when plaintiff's definition of a nationwide class included "purchases outside of California made by non-California residents" and such "alleged misconduct cannot be actionable under California's Unfair Competition Law"); *McKinney v. Corsair Gaming, Inc.*, 646 F. Supp. 3d 1133, 1145 (N.D. Cal. 2022) (striking nationwide class allegations because "each class member's individual consumer protection claims must be governed by the laws of their home state").

## V.   CONCLUSION

For the foregoing reasons, Spin Master respectfully requests the Court dismiss Plaintiff's First Amended Class Action Complaint in its entirety and strike the nationwide class allegations.

20

DEFENDANT SPIN MASTER, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS, CASE NO. 5:23-cv-02242-DMG-SP

Dated: January 22, 2024                    WINSTON & STRAWN LLP


By  */s/ Shawn R. Obi*
    RONALD Y. ROTHSTEIN (*pro hac vice* pending)
    RRothste@winston.com
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601-9703
    Telephone: (312) 558-5600
    Facsimile: (312) 558-5700

    JARED R. KESSLER (*pro hac vice* pending)
    JRKessler@winston.com
    WINSTON & STRAWN LLP
    200 South Biscayne Boulevard
    Miami, FL 33131
    Telephone: (305) 910-0654
    Facsimile: (305) 910-0505

    SHAWN R. OBI (SBN: 288088)
    SObi@winston.com
    WINSTON & STRAWN LLP
    333 South Grand Avenue
    Los Angeles, CA 90071-1543
    Telephone: (213) 615-1700
    Facsimile: (213) 615-1750

    Attorneys for Defendant
    SPIN MASTER, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Spin Master, Inc., certifies that this brief contains 6,645 words, which complies with the word limit of L.R. 11-6.1.


Date: <u>January 22, 2024</u>        <u>*/s/ Shawn R. Obi*</u>
                                     Shawn R. Obi