UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |

| | | | |
|---|---|---|---|
| Title | **_Tesha Gamino, et al., v. Spin Master, Inc., et al._** | Page | 1 of 20 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART SPIN MASTER'S MOTION TO DISMISS [33] AND GRANTING MAYA'S MOTION TO DISMISS [34]**

Plaintiffs Tesha Gamino, a California resident, and Moussa Kouyate, a New York resident, bring this consumer safety action against the manufacturers of certain children's toys they purchased, "Orbeez water beads," alleging the water beads pose certain severe, undisclosed health hazards to children.  Second Amended Complaint ("SAC") [Doc. # 25].  On behalf of themselves and a putative class of similarly situated consumers, they allege that they would not have purchased the Products if they had known of particular dangers that the Products' packaging did not disclose.

Defendants, Spin Master, Inc. and The Maya Group, Inc., each move to dismiss the SAC.  _See_ Spin Master MTD [Doc. # 33]; Opp. to Spin Master MTD [Doc. # 36]; Reply ISO Spin Master MTD [Doc. # 38]; Maya MTD [Doc. # 34]; Opp. to Maya MTD [Doc. # 37]; Reply ISO Maya MTD [Doc. # 39].  For the reasons set forth in this Order, the Court **GRANTS IN PART AND DENIES IN PART** Spin Master's MTD and **GRANTS** Maya's MTD.

**I.**
**BACKGROUND[1]**

**A.    The Products and Alleged Health Risks**

"Water beads" are "tiny, spherical, and gelatinous toys that look strikingly similar to candy" and have gained immense popularity over the last decade.  SAC ¶ 3; _see also_ Doc. # 25-1 (images of the Products at issue).  Water beads are made from superabsorbent polymers that expand up to 1,500 times their original size when exposed to water.  SAC ¶ 3.  They are often marketed as sensory toys for children who are young or who suffer from developmental conditions to squish and move around to aid in their fine motor development.  _Id._ ¶¶ 3, 17.

---

[1] The facts in this section are largely taken from the SAC.  Except as noted, citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | | Date | March 31, 2025 |
|---|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | | Page | 2 of 20 |
|---|---|---|---|---|

Because they swell when exposed to bodily fluids, water beads pose severe health risks to children who ingest or insert the beads into their bodies, unless the beads are identified and surgically removed. *Id.* ¶¶ 4, 16. This can cause injuries such as intestinal blockage or obstruction of the nasal cavity, ear canal, or respiratory system. *Id.* ¶ 5. To exacerbate these concerns, swollen water beads are "practically invisible" on x-rays. *Id.* ¶ 4. There have allegedly been "several thousand reported water beads-related hospitalizations of children across the country, per year, since at least 2017, including several reported deaths." *Id.*

This lawsuit concerns, as noted, Orbeez water bead toys, including various products identified in the SAC as the Orbeez Water Beads Packs, Playsets, Art, and Play Creatures. *See id.* ¶ 7; *see also* Doc. # 25-1. In or around winter 2020, Plaintiff Gamino purchased the Orbeez Color Meez Activity Kit and Color Seed Pack for approximately $10. In or around fall 2022 and in or around January 2023, she purchased approximately 10 packs of the Orbeez Color Seed Pack for approximately $5 per pack. SAC ¶ 11(b). In early 2023, Plaintiff Kouyate purchased the Orbeez Activity Orb for approximately $10, and in early 2023 and in or around December 2023, Kouyate purchased three packs of the Orbeez Color Seed Pack for approximately $5 per pack. *Id.* ¶ 12(b).

Plaintiffs bring this putative class action on behalf of themselves and a nationwide class, a class of New York residents, and a class of California residents who purchased the products for reasons other than resale. *See id.* ¶ 55.

**B.      Safety Warnings**

Each of the Products has the following warning on its front packaging:



*Id.* ¶ 35. Based on the images attached to the SAC, each product except one also includes a "CAUTION: DO NOT EAT" warning or an illustration indicating not to eat the product. *See generally* Doc. # 25-1 (images of Product front packaging); *but see id.* at 9. A few Orbeez products, like the Color Seeds Packs each Plaintiff purchased, also include "do not insert Orbeez into nose or ear" warnings. *See, e.g., id.* at 6.[2]

_____

[2] According to Plaintiffs' summary chart attached to their Opposition to the Spin Master MTD, six of the 32 Products' labels have front packaging warning against inserting the Product into the nose or ear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | | Date | March 31, 2025 |
|---|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | | Page | 3 of 20 |
|---|---|---|---|---|

Plaintiffs both allege they did not notice any safety warnings regarding the danger of obstruction or non-detection if a child ingested/inserted beads into their body. *Id.* ¶¶ 11(c), 12(c). Neither of them would have purchased the products had they known of these risks. *Id.* ¶¶ 11(f), 12(f).

### C.    Claims

Plaintiffs bring the following claims. On behalf of the California subclass and Gamino, they bring claims for (1) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) the California False Advertising Law ("FAL"), Cal. Cal. Bus. & Prof. Code § 17500 *et seq.*; and (3) the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq. Id.* ¶¶ 68–132. These claims are collectively referred to as the "California consumer protection claims."

On behalf of the New York subclass and Kouyate, they bring claims for (4) violation of the New York Deceptive Trade Practices Act ("DTPA"), Gen. Bus. Law § 349; and (5) violation of the New York FAL, Gen. Bus. Law § 350. *Id.* ¶¶ 133–152. These claims are collectively referred to as the "New York consumer protection claims."

On behalf of both subclasses and the nationwide class, they bring claims for (6) breach of express and implied warranties; (7) fraudulent inducement; (8) negligent misrepresentation; and (9) unjust enrichment/restitution. *Id.* ¶¶ 153–189.

## II.
## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only if the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 4 of 20 |
|---|---|---|---|

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id*. (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

Federal Rule of Civil Procedure 9(b)'s heightened pleading standard extends to claims grounded in fraud, even when fraud itself is not asserted as a cause of action. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (stating that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL where the claim "sound[s] in fraud," even if the word "fraud" is not used). Such factual allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. "'[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id*. (emphasis in original).

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

**III.
DISCUSSION**

**A.    Spin Master's MTD**

As noted, each Defendant moves to dismiss the SAC.[3] The Court begins with Plaintiffs' state law consumer protection claims and Spin Master's arguments directed to those claims.

**1.    Consumer Protection Claims**

**a.    Legal Principles**

**i.    *California Claims***

As noted, Plaintiffs' California consumer protection claims are brought pursuant to the CLRA, the UCL, and the FAL. The CLRA prohibits "unfair methods of competition and unfair

---

[3] The Maya Group joins in all of Spin Master's arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 5 of 20 |
|---|---|---|---|

or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

The UCL addresses "unfair competition," which "mean[s] and include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law]." Cal. Bus. & Prof. Code § 17200. A plaintiff can assert a separate and distinct theory of liability under each of the three prongs of the UCL. *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). "By proscribing unlawful business practices, the UCL borrows violations of other laws and treats them as independently actionable. In addition, practices may be deemed unfair or deceptive even if not proscribed by some other law." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2006).

The FAL makes unlawful "untrue or misleading" statements designed to "induce the public to enter into any obligation" to purchase various goods and services. Cal. Bus. & Prof. Code § 17500.

### ii.  *New York claims*

Plaintiffs' New York consumer protection claims arise under New York General Business Law ("GBL") sections 349 and 350.

GBL Section 349(a) declares as unlawful "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in" New York. *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24 (1995). There are three elements to a GBL 349(a) cause of action: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000).

GBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]" "The standard for recovery under . . . § 350, while specific to false advertising, is otherwise identical to [§] 349." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1 (2002); *see also Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 6 of 20 |

> b.    **"Likely To Deceive a Reasonable Consumer"—All Consumer Protection Claims**

Relevant to all five state-law consumer protection claims, Spin Master cites case law that allegations are not actionable if they are not likely to deceive a reasonable consumer. *See* Spin Master MTD at 15, 24. Spin Master argues no reasonable consumer could have been misled by the Products because the front packaging features prominent warnings about the dangers of eating Orbeez. *Id.*

As noted, omission claims under California's UCL, FAL, and CLRA are governed by the "reasonable consumer" standard: a plaintiff must show that consumers are "likely to be deceived" by the challenged statements. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal citations omitted). These laws prohibit not only *false* statements but also statements that although true, are "actually misleading or . . . [have] the capacity, likelihood or tendency to deceive or confuse the public." *Id.* (internal citations and quotation marks omitted). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on" a motion to dismiss. *Id.*; *see also City of New York v. Exxon Mobil Corp.*, 226 N.Y.S.3d 863, 878 (N.Y. Sup. Ct. 2025) (the same rule applies in New York). Under the New York consumer protection laws cited, "deceptive acts" are similarly defined objectively as acts "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund*, 85 N.Y.2d at 26.

Spin Master focuses on the uncontested allegation that the Products' front packaging all feature the Choking Hazard warning depicted earlier in this Order. As noted, many of the Products also include warnings against eating the Product. But such warnings do not capture the essence of the hazards alleged in the SAC. The SAC alleges that there is a severe risk of harm if children insert a water bead into their body other than by eating it—for instance inserting a water bead into their ear or nose. *See, e.g.*, SAC ¶ 27 (citing an incident in which a child allegedly had profound hearing loss after inserting a water bead into her ear, where it grew in size and was undetected for 10 weeks).

A choking hazard warning could reasonably be interpreted by a consumer to suggest that if a child swallows a water bead without immediately choking, the child is no longer in danger. But the SAC also alleges that the danger is not merely that of choking and cites incidents in which children suffered severe harm or even death after ingesting or aspirating water beads, including incidents in which there was a delayed onset of symptoms coupled with the inability of x-rays to detect the ingested bead lodged in the child's body. *See id.* ¶¶ 28–31. To the extent there are "do not eat" warnings coupled with "choking hazard" warnings, it is a plausible inference from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 7 of 20 |
|---|---|---|---|

SAC that a reasonable consumer would conclude from context that the reason a child should not eat the Product is due to the choking hazard. The Court accordingly finds Spin Master's arguments in this regard are not dispositive.

### c.    Consumers Unaware of Information—N.Y. Consumer Protection Claims

Spin Master argues the New York consumer protection claims must be dismissed because Plaintiffs fail to plausibly allege Spin Master was exclusively aware of the dangers they claim or Plaintiffs could not reasonably obtain the information from other sources. Spin Master MTD at 24. The Court agrees.

As set forth by New York's highest court:

> In the case of omissions-[based claims] in particular . . . [section 349] surely does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation. The scenario is quite different, however, where the business alone possesses material information that is relevant to the consumer and fails to provide this information. . . . [Moreover] . . . liability under the statute will depend, in part, on whether plaintiffs possessed or could reasonably have obtained the relevant information[.]

*Oswego Laborers' Loc. 214 Pension Fund.*, 85 N.Y.2d at 26. Applying *Oswego*, courts have concluded a plaintiff must establish a defendant either alone possessed the information or the consumer could not reasonably obtain the information. *Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 104 (S.D.N.Y. 2022) (collecting cases); *see also Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 360 (E.D.N.Y. 2022).

The SAC allegations themselves show that Spin Master was not alone in the possession of information about the hidden dangers of the Products or that Plaintiffs could not reasonably obtain that information. For example, the Consumer Products Safety Commission ("CPSC") allegedly maintains publicly available databases on which consumers have registered hundreds of complaints about water beads. SAC ¶ 26; *see also* SAC ¶ 34. Consumers and parents have also allegedly denounced water beads for over a decade, including a parent who runs a non-profit organization to educate the public about the dangers of children playing with water beads. *Id.* ¶ 20. Plaintiffs allege parents and medical professionals have used blogs and news outlet interviews to attempt "to get manufacturers' and the public's attention" about the dangers. *Id.* The SAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 8 of 20 |
|---|---|---|---|

further cites to medical studies, case reports, and online articles documenting incidents involving water bead ingestion or insertion. *Id.* ¶¶ 27–33.

Comparison to Plaintiffs' cited authority only supports this conclusion: in *DeCoursey v. Murad, LLC*, 673 F. Supp. 3d 194, 218 (N.D.N.Y. 2023), plaintiffs alleged an eye product contained color additives unsafe for the eye area, citing FDA regulations prohibiting color additives. A consumer could not reasonably have learned of the danger, as the consumer would have had "to research the regulation for each specific additive and cross-reference the general FDA regulation that color additives may not be used unless the specific regulation for the color additive permits use in the eye area." *See also Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 360 (E.D.N.Y. 2022) ("The fact that there were complaints about the aperture issue on a handful of websites does not show that consumers were entirely capable of discovering the information on their own."). Plaintiffs' cited cases clearly present circumstances different from those alleged in their SAC.[4]

Accordingly, the claims under New York General Business Law sections 349 and 350 are **DISMISSED**. The dismissal is with leave to amend, if Plaintiffs can plausibly allege how the information was not reasonably available to them, under the authority set forth above.

### d.    Duty to Disclose—California Consumer Protection Claims

Spin Master moves to dismiss the consumer protection claims on the basis that Plaintiffs have not pleaded a duty to disclose the allegedly omitted facts. MTD at 16.[5] The Court disagrees, for the reasons set forth below.

A plaintiff may establish a duty to disclose under California law based on an unreasonable safety hazard. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). "To state a claim for failing to disclose a defect, a party must allege "(1) the existence of a design defect; (2) the existence of an unreasonable safety hazard; (3) a causal connection between the alleged defect and the alleged safety hazard; and that the manufacturer knew of the defect at the time a sale was made." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 (9th Cir. 2017).

---

[4] Plaintiffs assert in their Opposition brief that whether there is a duty to disclose is not relevant under the GBL claims. *See* Opp. to Spin Master MTD at 14 n.2 (citing *Chiarelli v. Nissan N. Am., Inc.*, No. 14-CV-4327 NGG VVP, 2015 WL 5686507, at *12 (E.D.N.Y. Sept. 25, 2015)). Thus, the Court does not consider their alternative arguments regarding the existence of a duty to disclose in the context of other claims as reasons their GBL claims should survive the Spin Master MTD.

[5] The MTD also moves to dismiss the fraudulent inducement and New York negligent misrepresentation claims on similar grounds. The Court addresses these claims, *infra*, sections III(A)(3)–(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 9 of 20 |
|---|---|---|---|

The SAC includes plausible allegations as to each element. Plaintiffs allege that by virtue of their design, the water beads will expand inside the body and become practically invisible to x-rays and that this leads to an unreasonable safety hazard and high risk of harm or even death if a child ingests or inserts a bead in his or her body. Plaintiffs incorporate ample allegations to establish that Spin Master was aware of the issues. One example is paragraph 34 of the SAC, alleging CPSC maintains a consumer incident database to which consumers reported incidents and reports were sent to Spin Master on specific dates from 2020 to 2023.

Spin Master briefly argues that a physical defect must be alleged to establish a safety hazard for purposes of the duty of disclose. Spin Master MTD at 16 n.4. They rely on a mischaracterization of the holding of *Hodsdon*, which neither involved an alleged physical defect nor required allegations of such in a safety-hazard case.[6] *See* 891 F.3d 857.

### e.    Equitable Relief—California Consumer Protection Claims

Plaintiffs seek equitable relief including injunctive relief and restitution under the cited California consumer protection statutes. *See* SAC ¶¶ 78–79, 115, 130–31; *see also Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006) ("[T]he UCL provides only for equitable remedies."); *Peviani v. Arbors at California Oaks Prop. Owner, LLC*, 62 Cal. App. 5th 874, 889 (2021) ("Restitution and injunctive relief are the only remedies available under the [FAL].").

Defendants argue such equitable claims are duplicative of Plaintiffs' legal claims and must be dismissed.[7] MTD at 17–18 (citing, *inter alia, Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). *Sonner* holds that a plaintiff must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA. *Id.*

With regard to adequate alternate remedies, Plaintiffs argue that the other statutes impose more stringent elements, such that a claim may survive under the UCL but not necessarily other statutes. Opp. to Spin Master MTD at 31–32. This Court and others have rejected such arguments. *See, e.g., Barrett v. Optimum Nutrition, Inc.*, No. CV 21-4398-DMG (SKx), 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022) ("Simply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages available to her, or that it would be more "certain, prompt, or efficient" than the available legal remedies."). Similarly,

---

[6] Nor has *Hodsdon* been applied this way. *See, e.g., Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 979 (N.D. Cal. 2018) ("Because the complaint in the instant case does not allege a safety hazard, the issue . . . is whether the [Defects] constitute "physical" defects that were "central" to the [] Products' function.").

[7] Spin Master's arguments as to the unjust enrichment claim are addressed, *infra*, part III(A)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 10 of 20 |
|---|---|---|---|

courts applying *Sonner* have rejected arguments such as Plaintiffs' that the difference in calculations of restitution and legal damages can salvage restitution claims. *See, e.g.*, *Nguyen v. The Lovesac Company*, No. 2:24-CV-01293-TLN-JDP, 2025 WL 950511, at *7 (E.D. Cal. Mar. 28, 2025). The Court accordingly will dismiss the claims for equitable restitution because Plaintiffs have not demonstrated that they lack adequate remedies at law.

Although there is some divide in this Circuit, district courts have allowed injunctive relief claims notwithstanding the dismissal of claims for restitution based on *Sonner*, where Plaintiffs plausibly allege they lack an adequate legal remedy for the continuing and future harms they seek to address with an injunction. *See, e.g.*, *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021); *Crowder v. Shade Store, LLC*, No. 23-CV-02331-NC, 2025 WL 754067, at *3 (N.D. Cal. Mar. 10, 2025). The Court agrees with this line of cases. Plaintiffs allege not only that the misrepresentations are ongoing and will injure them in the future but that a public injunction under the UCL will benefit the general public in a manner unlike legal damages. *See* SAC ¶ 54(c)–(d). Therefore, the Court **DISMISSES** the claims for equitable restitution (but not for injunctive relief) under the California consumer protection claims. For similar reasons, the claim for equitable restitution under the fraudulent concealment claim is dismissed. *See* SAC ¶ 169. Dismissal is **WITHOUT LEAVE TO AMEND** as the deficiency cannot be cured by further factual allegations.

### f.    UCL argument

Spin Master moves to dismiss the California UCL claims because Plaintiffs fail to allege an "unlawful, unfair, or fraudulent business act or practice." MTD at 25–26.

Plaintiffs allege viable claims of violation of the CLRA and FAL, which supports the "unlawful" prong. *See id.* ¶ 100; *see also Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002).

Plaintiffs make no argument in support of the "fraudulent" prong of the UCL in their opposition. Opp. to Spin Master MTD at 24. They have accordingly waived any such argument. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

As for the "unfair" prong, Plaintiffs cite tests used by the California Court of Appeal or the Ninth Circuit to determine whether a practice is "unfair" within the meaning of the UCL and include specific, plausible allegations to satisfy the tests. *See* SAC ¶¶ 81–86. To survive a motion to dismiss, the SAC need not do more. To the extent the parties cite the test set forth in *McDonald*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 11 of 20 |

*v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008), the SAC's allegations are also sufficient under that test, as Plaintiffs allege, *inter alia*, substantially injurious conduct.

**f.    FAL argument**

Spin Master argues that a violation of the California FAL must be based on an affirmative statement—not merely the omission of information.  Spin Master MTD at 23.

To the contrary, California allows omissions-based FAL claims if there is a duty to disclose the relevant information.  *See, e.g.*, *People v. Johnson & Johnson*, 77 Cal. App. 5th 295, 325 (2022) (fraudulent omission claim actionable under the FAL if it is, *inter alia*, an omission of a fact the defendant was obliged to disclose).  This is consistent with the text of the FAL, which bars not only false but "misleading" statements.  *See Kasky*, 27 Cal. 4th at 951 ("We have also recognized that these laws prohibit "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.").  Spin Master's argument in this regard fails.

**2.    Unjust Enrichment Claim—New York and California**

Plaintiffs assert a claim for "unjust enrichment" under both New York and California law. Applying the law of both states, district courts (including this one) have concluded that "[u]njust enrichment claims should be dismissed where the violative conduct alleged is coterminous with a conventional tort or contract claim, regardless of whether the tort or contract claim is dismissed." *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (internal citation omitted); *Joseph Pinzon v. Pepperdine Univ.*, No. CV 20-4928-DMG (KSx), 2021 WL 3560782, at *7 (C.D. Cal. Aug. 5, 2021).

The claim for unjust enrichment is accordingly **DISMISSED without leave to amend.**

**3.    Fraudulent Inducement claim—New York and California**

**a.    Legal Principles**

A common law fraudulent omission claim in California requires proof of the following elements:  (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 12 of 20 |

as a result of the concealment or suppression of the fact, the plaintiff sustained damage. *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007).

In New York, the elements are misrepresentation or a material omission of fact that was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury. *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (2016). In addition, it is well established that "if the facts represented are not matters peculiarly within the [defendant's] knowledge, and the [plaintiff] has the means available to [it] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, [the plaintiff] must make use of those means, or [it] will not be heard to complain that [it] was induced to enter into the transaction by misrepresentations." *ACA Fin. Guar. Corp. v. Goldman, Sachs & Co.*, 25 N.Y.3d 1043, 1044 (2015) (internal citation and quotation marks omitted).

### b.    Material Fact

Spin Master repeats its arguments that it did not conceal or suppress any material fact because it disclosed the hazards of the Product on the labels. MTD at 20. As discussed above, this argument fails. *See supra*, part III(A)(1)(b).

### c.    Duty To Disclose/Plaintiffs' Ability To Learn

Spin Master also recycles its arguments that it had no duty to disclose the omitted facts under California or New York law. MTD at 20. Its arguments as to New York law pertain to whether Plaintiffs could reasonably have determined the information themselves.

Under California law, as noted above, plaintiffs have alleged a duty to disclose due to an unreasonable safety hazard. Courts finding a plausible allegation of a safety hazard to support the existence of a duty to disclose generally do not distinguish between California consumer protection claims and California fraudulent concealment claims in this regard. *See, e.g.*, *Klein v. Ljubljana Inter Auto d.o.o.*, No. CV 20-10079-DMG (JPRx), 2022 WL 16859589, at *7 (C.D. Cal. Aug. 2, 2022) (ruling fraudulent concealment, CLRA, and UCL claims all survived MTD where plaintiff plausibly alleged a safety hazard).

Regarding New York law, as cited and discussed above, the SAC alleges facts from which it would appear that Plaintiffs could readily ascertain the dangers themselves, so that the fraudulent concealment claim is not viable. *See Paradowski v. Champion Petfoods USA, Inc.*, No. 22-962-CV, 2023 WL 3829559, at *2 (2d Cir. June 6, 2023) (explaining that a determination that no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 13 of 20 |
|---|---|---|---|

reasonable jury could find that the relevant omitted information was exclusively within the defendant's possession, or that a consumer could not reasonably obtain such information, would defeat both the common-law fraud claim and the GBL claims). Thus, for similar reasons as set forth above, the Court also **DISMISSES** the New York fraudulent concealment claim with leave to amend. *See supra*, part III(A)(1)(c).

The Court analyzes the remaining elements with respect to the California fraud claims, alone.

### d.    Intent To Defraud

Turning to intent to defraud, under California law, "a plaintiff can show intent to defraud by pleading facts that demonstrate the defendant knew about the alleged defect but failed to repair it or notify the consumer." *Avedisian v. Mercedes-Benz USA, LLC*, No. CV 12-00936-DMG (CWx), 2013 WL 2285237, at *8 (C.D. Cal. May 22, 2013) (citing *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007)). Such allegations are made repeatedly in the SAC. Plaintiffs have adequately alleged an intent to defraud, and the Court rejects Spin Master's arguments to the contrary.

### e.    Would Have Acted Differently

"To prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct. A plaintiff need not prove that the omission was the only cause or even the predominant cause, only that it was a substantial factor in his decision." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (discussing California law). A plaintiff may do so by simply proving "that, had the omitted information been disclosed, one would have been aware of it and behaved differently." *Id.* (internal citation and quotation marks omitted). And proof "[t]hat one would have behaved differently can be presumed, or at least inferred, when the omission is material." *Id.*

As noted, the allegations of materiality are sufficient to survive the MTD. Plaintiffs plausibly allege that had the Products included warnings as to the risk of insertion not just through ingestion or the risk that ingestion includes hazards besides choking, such as severe injury or death, they would not have purchased the Products.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | | Date | March 31, 2025 |
|---|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | | Page | 14 of 20 |
|---|---|---|---|---|

### 4.    Negligent Misrepresentation

Defendants argue that the California and New York negligent misrepresentation claims must be dismissed due to the economic loss rule, which provides that when a purchaser's expectations in a sale are frustrated, the remedy is in contract alone.  Spin Master MTD at 19.

This Court has previously explained—

Fraud-based claims can be exempted from the economic loss rule, but only when the fraudulent conduct at issue is independent from the breach of a contractual promise.  *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 991 (2004).  Moreover, the exception is "narrow in scope and limited to a defendant's affirmative representations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." Id. at 993.

*Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG (SKx), 2022 WL 2035959, at *4 (C.D. Cal. Jan. 12, 2022); *see also Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012) (noting New York applies the economic loss doctrine to negligence claims).

In *Barrett*, to the extent there was an affirmative misrepresentation, it was about a quality of the product that allegedly led the buyer to overpay for the product.  Here, similarly, to the extent that there is an affirmative misrepresentation, it has to do with the products being marketed as safe and appropriate for children (other than the risk of choking).  *See* SAC ¶ 155.  Because there are no allegations beyond economic loss, the negligent misrepresentation claims are **DISMISSED** without leave to amend.[8]

### 5.    Breach of Warranty Claims

#### a.    Express Warranty Claims

Spin Master argues that Plaintiffs have not alleged any viable express warranty claim, where they rely on the omission of information from the label.  Spin Master MTD at 25.  The Court agrees.

---

[8] The Court need not address the alternative arguments as to the negligent misrepresentation claims in Spin Master's MTD.  *See* Spin Master MTD at 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 15 of 20 |

To plead a viable breach of express warranty claim in California, a plaintiff must allege, *inter alia*, an affirmation of fact or promise by the seller that related to the goods and became part of the basis of the bargain. *See, e.g.*, *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997). The law in New York is similar. *See Schimmenti v. Ply Gem Indus., Inc.*, 156 A.D.2d 658, 659 (1989) ("[T]o support the plaintiffs' cause of action sounding in the breach of an express warranty, they had to show that there was an affirmation of fact or promise by the seller, the natural tendency of which [was] to induce the buyer to purchase and that the warranty was relied upon" (Internal citation and quotation marks omitted)).

State courts applying these rules have concluded that omissions-based claims, such as those here, are not viable express warranty claims. *See, e.g.*, *Pocino v. Jostens, Inc.*, No. B181449, 2006 WL 1163785, at *5 (Cal. Ct. App. May 3, 2006) (ruling that the use of the terms "stones" and "birthstones" was not an affirmation of fact that certain stones were "genuine stones"; the claim was one of omission of language such as "simulated" or "imitation" and thus not a viable express warranty claim); *Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 79, (2004). The nonbinding case law cited by Plaintiffs is not to the contrary. *Compare Rodriguez v. Mondelez Glob. LLC*, 703 F. Supp. 3d 1191, 1210 (S.D. Cal. 2023) (claims premised both on failure to disclose certain information *and* affirmative misrepresentations on Product labels) and *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 207 (W.D.N.Y. 2020) ("[P]laintiff alleges that the power bank packaging used by defendant expressly misrepresented the power bank's capacity to remote purchasers such as plaintiff[.]"), *with* SAC ¶ 155 ("*Through the Material Omissions* on the Products' labeling, packaging, and advertising, Defendants expressly warrant that the Products do not pose a risk of the Material Dangers." (emphasis added)).

The Court accordingly **DISMISSES** the breach of express warranty claims **without leave to amend.**

### b.    Implied Warranty Claims

The implied warranty allegations of the SAC appear to rely on the same theory of failure to conform with representations in the Product packaging and labeling. *See* SAC ¶ 156. As such, they are subject to dismissal for the same reasons set forth above.

An implied warranty claim can proceed on multiple bases. Although it does not necessarily "depend on any specific statement or conduct of the seller. . . .," viable bases for a claim of breach of implied warranty include, for instance, that a product does not conform to the promises or affirmations of fact on the container or label or that it is not fit for the ordinary purposes for which the product is used. *Pisano v. Am. Leasing*, 146 Cal. App. 3d 194, 198 (1983); *LeGrand v. Abbott*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 16 of 20 |

*Lab'ys*, 655 F. Supp. 3d 871, 897 (N.D. Cal. 2023). Plaintiffs disclaim, however, that they proceed on a theory of lack of fitness for ordinary use and attempt to proceed solely on the theory that the product did not conform to the promises or affirmations on the label. *See* Opp. at 26. Therefore, the Court **DISMISSES** the implied warranty claims **without leave to amend.**

### 6.    Punitive Damages

Plaintiff Gambino requests punitive damages on her UCL, FAL, and CLRA claims. SAC ¶¶ 80, 116, 132. Plaintiff Kouyate requests punitive damages on the GBL claims.[9] *Id.* ¶¶ 143, 152. Both Plaintiffs seek punitive damages on their fraudulent inducement and negligent misrepresentation claims. *Id.* ¶¶ 170, 182.

Spin Master moves for dismissal on the basis that (1) punitive damages are not available as a matter of law on certain claims[10] and (2) the SAC fails to include plausible allegations that would entitle Plaintiffs to such damages. Spin Master MTD at 26–27. As an initial matter, Spin Master is correct that punitive damages are not available on the UCL or FAL claims. Requests for punitive damages on those claims are **DISMISSED without leave to amend.**

This Court and others have ruled that when pleading punitive damages under California law in federal court, a plaintiff must plead an individual committed willful or malicious conduct and identify an officer, director, or managing agent who ratified that conduct or was on advance notice. *See Khan v. 7-Eleven, Inc.*, No. ED CV 14-00522-DMG (PLAx), 2015 WL 12743691, at *2 (C.D. Cal. Sept. 15, 2015) ("the Court will apply the *Iqbal* standard to assess whether Khan has alleged facts sufficient to show that 7-Eleven's officers, directors, or managing agents authorized or ratified its employees' malicious, oppressive, or fraudulent conduct."). New York law similarly requires actions by a superior officer of the corporation. *See, e.g.*, *Orange & Rockland Utilities, Inc. v. Muggs Pub, Inc.*, 292 A.D.2d 580, 581 (2002); *Benson v. Syntex Lab'ys, Inc.*, 249 A.D.2d 904, 905 (1998).

---

[9] Both Plaintiffs seek punitive damages on their breach of warranty claims (SAC ¶ 60) and unjust enrichment claims, but those claims are dismissed without leave to amend as set forth in the body of this Order. *See supra*, part III(A)(2) and (5).

[10] Spin Master cites an unpublished Southern District of New York ruling as support that "[s]ome courts have also found traditional punitive damages are not available under" New York General Business Law section 349. Spin Master MTD at 27 n.9. While that may be the case, a published decision of the New York intermediate appellate court concludes that punitive damages *are* available under that statute. *See Perlbinder v. Vigilant Ins. Co.*, 190 A.D.3d 985, 989 (2021). The Court therefore dismisses the GBL claims with leave to amend for reasons discussed separately in this Order but declines to dismiss the punitive damages aspect of the GBL claims as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 17 of 20 |

The SAC conclusorily recites the standard that wrongful conduct was "committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants" without any supporting allegations. *See, e.g.*, SAC ¶ 80. These threadbare allegations are inadequate, and the punitive damages allegations are **DISMISSED with leave to amend**, except as noted above.

### 7.    Nationwide Class Allegations

Spin Master moves to strike the nationwide class allegations on the basis that Plaintiffs lack standing as to consumers in other states with which Plaintiffs do not have a connection. Spin Master MTD at 28. It seeks to have this Court perform an intensive analysis into whether conflicts of law prohibit this Court from applying California law to the claims of the class as a whole. *See* Spin Master MTD at 30. It is premature to make this determination in this action unless and until Plaintiffs move for class certification. *See, e.g.*, *Robinson v. Unilever U.S., Inc.*, No. CV 17-3010-DMG (AJWx), 2018 WL 6136139, at *4 (C.D. Cal. June 25, 2018) (deferring a determination on whether the plaintiffs had standing to bring a class action representing a nationwide class until class certification). Spin Master may renew its arguments in opposition to a future motion for class certification.

### B.    The Maya Group MTD

The Maya Group ("Maya") moves for dismissal of the claims against it on the basis it is not a proper party to this action and Plaintiffs lack standing to bring claims against it. Maya MTD at 5.

As relevant to Maya, the SAC alleges liability on the basis it "is one of the owners, marketers, manufacturers, distributors, and/or sellers of the Products, and is one of the companies that created and/or authorized the labels, packaging, and advertising of the Products with the Material Omissions." SAC ¶ 15. Spin Master allegedly acquired the Orbeez brand and Products from Defendant Maya at some unspecified point in 2019. *Id.* ¶ 33. The California and New York subclasses' asserted class periods span retroactively to October 31, 2019—four years prior to the filing of this action on October 31, 2023. *See id.* ¶ 55 (class definition). Thus, the SAC plausibly alleges that Maya manufactured at least a portion of the Products during the class period. But neither Plaintiff allegedly purchased the Products before, at the earliest, Winter 2020. *See id.* ¶ 11(b).

Maya cites an unpublished, out-of-district ruling that dismissed a defendant who was "not part of any of the actions in this case" and merely purchased assets of another defendant whose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 18 of 20 |
|---|---|---|---|

pre-purchase actions were the subject of the action. *See Osanitsch v. Marconi PLC*, No. C 05-03988 CRB, 2009 WL 10695681, at *7 (N.D. Cal. Mar. 20, 2009). On the face of the SAC, taking the allegations as true, there is a plausible inference that Maya's actions are at issue in this case because they sold Products during at least a small part of the class period. *Osanitsch* is not persuasive.

More problematic, however, is the fact that there is no named plaintiff who has standing to sue Maya. Neither Plaintiff includes plausible allegations of harm that is "fairly traceable" to Maya. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (The "irreducible constitutional minimum" of Article III standing requires the plaintiff to show the following three elements: "(1) [the plaintiff] suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."); *Easter v. American West Financial*, 381 F.3d 948, 961 (9th Cir. 2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)) ("To satisfy the traceability requirement, a class action plaintiff must 'allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants.'").

In response to Maya's MTD, Plaintiffs do not assert any theory of traceability or explain how they have alleged specific, plausible facts to show traceability. They simply rely on the conclusory allegation of their SAC that Maya was, at all relevant times, one of the "owners, marketers, manufacturers, distributors, and/or sellers of the Products, and is one of the companies that created and/or authorized the labels, packaging, and advertising of the Products with the Material Omissions." *See* Opp. at 5 (quoting SAC ¶ 15). But when resolving this issue, such naked conclusions are not entitled to be taken as true.

Plaintiffs also cite cases allowing named plaintiffs to bring claims on behalf of others who purchased substantially similar products. But these cases do not concern instances in which the "substantially similar" products were manufactured by other companies. *See Mendoza v. Procter & Gamble Co.*, 707 F. Supp. 3d 932, 946 (C.D. Cal. 2023); *Park v. Knudsen & Sons, Inc.*, No. CV 14-7845-DMG (JPRx), 2015 WL 13916262, at *7 (C.D. Cal. Sept. 25, 2015). In short, the Court is not persuaded by Plaintiffs' arguments that either Plaintiff has standing to sue Maya.

Plaintiffs' claims against the Maya Group must therefore be dismissed. Maya argues amendment would be futile for two reasons in its MTD: (1) amendment could not change the fact that Maya sold the Orbeez Products to Spin Master in 2019 ("before the class period") and (2) the class period cannot include 2019 because the statute of limitations would bar such claims. Maya MTD at 7. As noted, the class period, as alleged in the SAC, begins October 31, 2019. The statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-2242-DMG (SPx) | Date | March 31, 2025 |
|---|---|---|---|

| Title | *Tesha Gamino, et al., v. Spin Master, Inc., et al.* | Page | 19 of 20 |

of limitations does not bar all such claims, as the statute of limitations for a UCL claim is four years.

Moreover, the standing issue as to Maya could be cured by adding another named plaintiff who has standing to proceed against Maya. Maya cites a Ninth Circuit opinion holding, in a case with one defendant and one named plaintiff where the named plaintiff "never had standing," leave to amend to substitute a different named plaintiff could not be granted. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003). Maya cites to no case applying this rule in a putative class action where a named plaintiff would be added, not substituted, and where the original named plaintiffs had standing as to one but not both defendants. Nor has the Court located any such authority. Indeed, at least one District Court has declined to apply *Lierboe* where the original named plaintiffs had standing as to some but not all claims. *See Staley v. Gilead Scis., Inc.*, No. 19-CV-02573-EMC, 2021 WL 5906049, at *2 (N.D. Cal. Dec. 14, 2021); *see also Paieri v. W. Conf. of Teamsters Pension Tr.*, No. 2:23-CV-00922-LK, 2024 WL 4519963, at *3 (W.D. Wash. Oct. 17, 2024). The Court agrees with this reading of *Lierboe*: the rationale in *Lierboe* is grounded on the idea that federal jurisdiction cannot be invoked by plaintiffs who do not meet the threshold requirement of showing an actual case or controversy as set forth in Article III of the Constitution. *See Lierboe*, 350 F.3d at 1023 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Pence v. Andrus*, 586 F.2d 733, 736 (9th Cir. 1978)). Plaintiffs have suffered an injury and properly invoke jurisdiction in this Court over the action.

Maya's MTD is therefore **GRANTED,** but the claims against Maya are **DISMISSED** *with* **leave to amend.**

## II.
## CONCLUSION

The request for ruling is **DENIED** as moot. [Doc.# 46.] Spin Master's MTD is **GRANTED IN PART AND DENIED IN PART**. Maya's MTD is **GRANTED**.

The following claims are **DISMISSED with leave to amend**: (1) New York General Business Law sections 349 and 350; (2) fraudulent concealment under New York law; (3) punitive damages, except under the UCL or FAL; and (4) claims against Maya, except as otherwise noted. The following claims are **DISMISSED without leave to amend**: (1) equitable restitution under the California UCL, CLRA, and FAL and on the fraudulent concealment claim; (2) unjust enrichment; (3) the negligent misrepresentation; (4) breach of warranty; (5) the UCL to the extent they are based on the "fraudulent" prong; and (6) punitive damages under the UCL or FAL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 23-2242-DMG (SPx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | ***Tesha Gamino, et al., v. Spin Master, Inc., et al.*** | Page | 20 of 20 |
|---|---|---|---|

By **May 2, 2025**, Plaintiffs shall file a Third Amended Complaint ("TAC") or a statement that they wish to proceed on the SAC without further amendment**.** Defendants shall file their response within 21 days after the filing of the TAC or Plaintiffs' notification that they do not intend to amend the SAC.

**IT IS SO ORDERED**.